IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

MILTON TUTWILER, PLAINTIFF,

VS. CIVIL ACTION NO. 2:05CV196-P-A

THE PROGRESSIVE CORPORATION;
PROGRESSIVE CASUALTY INSURANCE
COMPANY; BILLY MCCOY; GARLAND
MASON; AND TAMMY KING, DEFENDANTS.

**ORDER**

This matter comes before the court upon Defendants The Progressive Corporation and Progressive Casualty Insurance Company's Motion to Dismiss [5-1]. Upon due consideration of the motion and the responses filed thereto, the court finds as follows, to-wit:

The two insurance company defendants (among a total of five defendants) have moved for dismissal under Fed. R. Civ. P. 12 arguing lack of personal jurisdiction, improper venue, and insufficiency of process. In response, the plaintiff stated that he "does not oppose defendants' Rule 12 motion to dismiss so long as this action is dismissed without prejudice and does not subsequently affect any of Plaintiff's substantive or procedural remand issues." The plaintiff sent a proposed order to the court dismissing the entire action without prejudice.

Defendants Billy McCoy and Garland Mason, however, filed a response in opposition to dismissing the action without prejudice arguing that neither of them joined in the insurance

1

companies' motion to dismiss and that they did not intend to join therein. Essentially, McCoy and Mason do not wish for the action to be dismissed without prejudice in regard to them.

For the plaintiff to voluntarily dismiss an action without prejudice and without a court order, Fed. R. Civ. P. 41(a)(1) requires him to file "a stipulation of dismissal signed by all of the parties who have appeared in this action." Only two of the five defendants have agreed to a dismissal without prejudice. Thus, the plaintiff cannot voluntarily dismiss this entire action under Rule 41(a)(1).

Without agreement among all the parties, the plaintiff can only voluntarily dismiss with a court order under Rule 41(a)(2), which requires that "an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper. ... Unless otherwise specified in the order, a dismissal under this paragraph is without prejudice."

Given that the remaining three defendants have not joined in the motion to dismiss, dismissal of the plaintiff's claims against them is improper.

**IT IS THEREFORE ORDERED AND ADJUDGED** that:

(1) Defendants The Progressive Corporation and Progressive Casualty Insurance Company's Motion to Dismiss [5-1] is **GRANTED IN PART AND DENIED IN PART**; specifically,

(2) The motion is **GRANTED** insofar as the plaintiff's claims against The Progressive Corporation and Progressive Casualty Insurance Company are **DISMISSED WITHOUT PREJUDICE**; however,

(2) The motion is **DENIED** as to the plaintiff's claims against the remaining defendants

Billy McCoy, Gerald Mason, and Tammy King.

**SO ORDERED** this the 8th day of November, A.D., 2005.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE