IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

| | |
|---|---|
| MILTON TUTWILER, | PLAINTIFF, |
| VS. | CIVIL ACTION NO 2:05CV195-P-A<br>(Lead Case) |
| THE PROGRESSIVE CORPORATION, PROGRESSIVE CASUALTY INSURANCE COMPANY, JOHN DOE CORPORATIONS, BILLY MCCOY, GARLAND MASON, AND TAMMY KING, | DEFENDANTS. |

CONSOLIDATED WITH

| | |
|---|---|
| MILTON TUTWILER, | PLAINTIFF, |
| VS. | CIVIL ACTION NO. 2:05CV196-P-A |
| PROGRESSIVE GULF INSURANCE COMPANY, PROGRESSIVE CASUALTY INSURANCE COMPANY, PROGRESSIVE PREFERRED INSURANCE COMPANY, PROGRESSIVE SPECIALITY INSURANCE COMPANY, JOE DOE CORPORATIONS, TAMMY KING, Individually, JACK KING AND TAMMY KING, As the Natural Parents & Guardians of TAMARA KING, BILLY MCCOY, AND GARLAND MASON, | DEFENDANTS. |

## MEMORANDUM OPINION

This matter comes before the court upon Plaintiff's Motion to Remand [13-1] filed in Cause Number 2:05CV195 and Plaintiff's Motion to Remand [12-1] filed in Cause Number 2:05CV196. After due consideration of the motions and the responses filed thereto, the court is prepared to rule.

### I. FACTUAL BACKGROUND

On August 26, 2006, Plaintiff Milton Tutwiler filed two actions in State court: (1) a

Complaint for Declaratory Relief in the Circuit Court of Bolivar County, Mississippi, Second Judicial District; and (2) a Complaint to Implead Total Limits of Billy McCoy's Liability Policy in the Chancery Court of Bolivar Count, Mississippi, Second Judicial District.

The plaintiff filed each action in relation to a collision that occurred on October 13, 2004 involving an eighteen-wheeler rig driven by Garland Mason and owned by Billy McCoy. Essentially, Milton Tutwiler was driving his mother Julia Tutwiler's 2000 Cadillac behind Tammy King, who was driving a 2002 PT Cruiser in the left, northbound lane of U.S. Highway 61. Garland Mason, who was driving southbound on Highway 61, attempted to turn around to go northbound to reach a truck stop. While in the process of turning, Tutwiler and King collided with Mason's truck.

On September 23, 2005, the insurance defendants and the owner and driver of the eighteen-wheeler rig removed both actions separately to federal court arguing that the plaintiff fraudulently joined Tammy King, a Mississippi resident, to defeat federal jurisdiction. The plaintiff filed the instant motions to remand thereafter. On December 20, 2005, the court consolidated both cases.

The Complaint for Declaratory Relief filed in the Circuit Court of Bolivar County, Mississippi, Second Judicial District named as defendants the relevant insurance companies – The Progressive Corporation and Progressive Casualty Insurance Company – Garland Mason as driver of the eighteen-wheeler rig, and Billy McCoy as owner of the rig. It is undisputed that none of these defendants are residents of Mississippi. The Complaint also named as a defendant Tammy King who is a Mississippi resident. Pursuant to Mississippi Rule of Civil Procedure 57, the plaintiff writes that he:

> seeks a declaratory judgment establishing that he bares [sic] no liability for this horrific wreck and therefore is entitle [sic] to full benefits under the subject underinsured motorist coverage, and that such recovery is subject to a setoff or credit

2

for any amounts Plaintiff may receive as a result of his claim against other third parties, including but not limited to his claim against the applicable commercial automobile policy.

Complaint for Declaratory Relief, ¶ 1.

The Complaint states that "Herein, Mr. Tutwiler seeks an Answer from her [Tammy M. King] that she does not claim any negligence against him. Further, he seeks an Answer from her that she does not have a claim against Julia [Tutwiler, the plaintiff's mother who owned the vehicle Milton was driving] for any alleged negligent entrustment." Complaint for Declaratory Relief ¶ 8.

In further relation to the plaintiff's claims against Tammy King, he wrote: "Mr. Tutwiler was not negligent toward Ms. King. Herein, he seeks a judicial determination of the same. Such determination will clarify his rights to full underinsured motorist coverage and benefits from Progressive under the insurance policy of Ms. Tutwiler." *Id.* at ¶ 31. He also wrote: "Mr. Tutwiler bares [sic] no negligence towards Defendant Mason or Ms. King, and certainly not Tamara. Herein, he seeks a judicial determination of the same." *Id.* at ¶ 33.

Under the rubric of "Relief & Damages Requested" the plaintiff wrote: "Upon hearing and consideration of the pleadings and evidence, Mr. Tutwiler is entitled to and hereby requests a declaratory judgment as follows: a. If civil litigation was [sic] to be filed against Mr. Tutwiler, there is not sufficient evidence against him to withstand a motion to dismiss or summary judgment. b. Mr. Tutwiler bares [sic] no liability in this matter ...."

In his Complaint to Implead Total Limits of Billy McCoy's Liability Policy in the Chancery Court of Bolivar Count, Mississippi, Second Judicial District, the plaintiff essentially seeks the interpleading of the total limits of the subject insurance policy of the owner of the eighteen-wheeler rig, *i.e.*, $300,000.00, into the Registry of the Clerk's Office of the Chancery Court and for the Court

3

to determine the claims among Mr. Tutwiler, Tammy King, and Tamara King, A Minor.

Regarding Tammy King and her daughter Tamara King, the plaintiff writes that he "seeks an Answer from her that she does not object to Progressive interpleading the funds into this Court. Thereafter, the claimants can either agree or seek judicial intervention as to the split of the interplead funds." Complaint to Implead Total Limits of Billy McCoy's Liability Policy, ¶¶ 8 and 9.

Under the rubric of "Relief & Damages Requested," the plaintiff seeks the following relief:

> [1] Upon hearing and consideration of the pleadings and evidence, Mr. Tutwiler requests this Court [to] allow Progressive, after receiving all parties' applicable medical records and such bills together [that] are approximately the same or over the policy limits, to interplead and deposit the total limits of Three Hundred Thousand Dollars ($300,000.00) of Billy McCoy's liability policy into the Registry of the Clerk's Office of this Court, and thereupon allows the discharge of Progressive and its insured from liability as to any of the parties' claims. All parties would specifically reserve any right to seek recovery from any other policies from Progressive, the insured and/or third parties.
> [2] Further, said Order should allow this action to continue as between the claimants of such money; and
> [3] Further, said Order should adjudicate the claimants to be and limited to [sic] (1) Mr. Tutwiler, (2) Tammy King; and (3) Tamara King, A Minor.

*Id*. at ¶¶ 36-38.

On November 18, 2005, this Court granted The Progressive Corporation and Progressive Casualty Insurance Company's Motions to Dismiss filed in both Cause Number 2:05CV195 (the declaratory action) and 2:05CV196 (the interpleader action), thereby dismissing without prejudice all of the plaintiff's claims against the insurance defendants in both actions, while leaving defendants Billy McCoy, Garland Mason, and Tammy King. Therefore, what remains is a consolidation of one declaratory action and one interpleader action – both of which seek to gain proceeds from an insurance company – without an insurance defendant.

## II. DISCUSSION

**A. Fraudulent Joinder**

The burden in this case is upon the defendants to persuade the Court of fraudulent joinder. *Hart v. Bayer Corp.*, 199 F.3d 239, 246 (5th Cir. 2000) This burden is a heavy one. *Id*. Furthermore, when dealing with a fraudulent joinder claim the court should not focus on who will ultimately prevail in the action. *Reed v. American General Life & Accident Ins. Co.*, 192 F.Supp.2d 641 (N.D. Miss. 2002). Indeed, when moving for remand the plaintiff's burden is "much lighter" than that necessary with summary judgment. *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 550 (5th Cir. 1981).

There are two ways in which the defendants can establish fraudulent joinder: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Travis v. Irby*, 326 F.3d 644, 647 (5th Cir. 2003) (citing *Griggs v. State Farm Lloyds*, 181 F.3d 694, 698 (5th Cir. 1999)). Since there is no dispute that all of the resident defendants are indeed residents of Mississippi, the second test applies in the instant case.

With respect to the second method for establishing fraudulent joinder, the following test applies: "If there is arguably a *reasonable basis* for predicting that the state law might impose liability on the facts involved, then there is no fraudulent joinder. This *possibility, however, must be reasonable*, not merely theoretical." *Travis*, 326 F.3d at 648 (quoting *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313, F.3d 305, 312 (5th Cir. 2002) (emphasis in *Travis*; internal citations and quotations omitted).

What is more, the Fifth Circuit in *Hart* wrote that they "have cautioned against 'pretrying a case to determine removal jurisdiction,' [and have stated] that fraudulent joinder claims can be

resolved by 'piercing the pleadings' and considering summary judgment-type evidence such as affidavits and deposition testimony." 199 F.3d at 246-247 (quoting *Carriere v. Sears, Roebuck and Co.*, 893 F.2d 98, 100 (5th Cir. 1990). However, "the court 'must also take into account all unchallenged factual allegations, including those alleged in the complaint, in the light most favorable to the plaintiff' and resolve any contested issues of fact and legal ambiguities in the plaintiff's favor." *Hart*, 199 F.3d at 246.

## B. The Complaint for Interpleader

With regard to the Complaint to Implead Total Limits of Billy McCoy's Liability Policy, the court concludes that there is no reasonable possibility of recovery against the Mississippi defendants Tammy King, individually, or Jack King and Tammy King as the parents of Tamara King. Though there are many reasons for this conclusion, the court will give only two for the sake of brevity. First, an interpleader action of this variety is usually filed by the party who has the money to interplead – *i.e.*, the insurance company – not the non-insured claimant for the insurance proceeds. Indeed, the Comment to Mississippi Rule of Civil Procedure 22 states that "[t]he purpose of Rule 22 interpleader is to permit a stakeholder who is uncertain if and to whom he is liable for money or property held by him to join those who are or who might assert claims against him and to thereby obtain a judicial determination for the proper disbursement of the money or property." With regard to this case, the aforementioned language refers to the insurer, not a claimant. Second, given this court's November 18, 2005 dismissal of the insurance defendants, there are no parties to interplead money or property.

Thus, there clearly no reasonable possibility of any recovery against any of the Mississippi King residents. The plaintiff's motion to remand should be denied and the interpleader action should be dismissed without prejudice.

6

## C. The Complaint for Declaratory Relief

The plaintiff filed the Complaint for Declaratory Relief pursuant to M.R.C.P. 57. It appears that the primary purpose of the complaint is to obtain a "declaratory judgment establishing that he bares [sic] no liability for this horrific wreck and therefore is entitle [sic] to full benefits under the subject underinsured motorist coverage, and that such recovery is subject to a setoff or credit for any amounts Plaintiff may receive as a result of his claim against other third parties, including but not limited to his claim against the applicable commercial automobile policy." Complaint for Declaratory Relief, ¶ 1. Therefore, presumably the plaintiff filed the declaratory action under 57(b)(2) which provides that "[w]here an insurer has denied or indicated that it may deny that a contract covers a party's claim against an insured, that party may seek a declaratory judgment construing the contract to cover the claim."

This court dismissed without prejudice the insurers on November 18, 2006 after the plaintiff stated that he "does not oppose defendants' Rule 12 motion to dismiss so long as this action is dismissed without prejudice and does not subsequently affect any of Plaintiff's substantive or procedural remand issues." However, such a condition for dismissal is illogical given that the subject declaratory action by its very nature depends in part on the presence of the relevant insurance companies as defendants. In any event, even without the presence of the insurance companies as defendants, the court concludes that there is a reasonable possibility of recovery against the Mississippi defendant, Tammy King, in the declaratory action. This is because the "recovery" being sought against the non-diverse defendant is a declaration from the court that "Mr. Tutwiler bares [sic] no liability in this matter."

Accordingly, the court concludes that the plaintiff's motion to remand the Complaint for

7

Declaratory Relief should be granted.

### III. CONCLUSION

For the reasons discussed above, the court concludes that the Plaintiff's Motion to Remand [12-1] filed in Cause Number 2:05CV196 (the interpleader action) should be denied and that said action should be dismissed without prejudice. The court also concludes that the Plaintiff's Motion to Remand [13-1] filed in Cause Number 2:05CV195 (the declaratory judgment action) should be granted and that the Complaint for Declaratory Action should be remanded to the State court from whence it came. Accordingly, an Order shall issue forthwith,

**THIS DAY** of June 28, 2006.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE